| | | |
|---|---|---|
| STATE OF NORTH CAROLINA; STATE OF NORTH CAROLINA EX REL. ROLAND GOFF, JR., ANTHONY CURTIS GIVENS, BARRY JOE HAWKINS, BENJAMIN HENDREN, PHILLIP WHARTON AND JAMES DAVID CHILTON, INFANTS | ) ) ) ) ) ) ) ) ) ) ) | |
| v. | ) ) ) | WRIT OF MANDAMUS |
| THE HONORABLE C. W. WILKINSON, JR., DISTRICT COURT JUDGE OF THE NINTH JUDICIAL DISTRICT, IN HIS OFFICIAL CAPACITY | ) ) ) ) ) | |

No. 32PC

(Filed 4 March 1981)

THIS cause was considered by the Supreme Court in conference on the petition by State of North Carolina, *ex rel.* Roland Goff, Jr., *et al.*, that this Court issue its writ of mandamus to the Honorable C. W. Wilkinson, Jr., District Court Judge, Ninth Judicial District, in his official capacity, requiring him to hold voluntary admission hearings, pursuant to Article 4 of Chapter 122 of the General Statutes of North Carolina, for certain mentally ill juveniles who reside in the North Carolina Special Care Facility for Re-Education of Adolescent Children, a State facility designated for the treatment of mental illness located on the grounds of John Umstead Hospital at Butner, North Carolina.

State v. Wilkinson

The petitioners have previously addressed their petition to the North Carolina Court of Appeals, and their petition was denied by order of that court dated 17 February 1981.

This matter was originally heard at a hearing held on 11 December 1980 before C. W. Wilkinson, Jr., District Court Judge, Ninth Judicial District, at John Umstead Hospital, Butner, North Carolina. The sole issue addressed at the hearing was the legal necessity for Chapter 122 hearings governing the voluntary admission of juveniles to mental health treatment facilities. Upon the consideration of the arguments and evidence submitted, Judge Wilkinson held that the court could not conduct hearings on admission of the minors. The trial court's order appears to be based upon two grounds: First, the court concluded that the special care facility is not a "treatment facility providing psychiatric care as envisioned by Article 4" of Chapter 122. Second, the court concluded that the Department of Human Resources was without legislative authority to confine children at the special care facility.

Having reviewed the full record of the proceedings together with the documents which were before Judge Wilkinson at the hearing, this Court concludes that Judge Wilkinson's order is in error for the reason that the North Carolina Special Care Facility for Re-Education of Adolescent Children has been properly designated by the Department of Human Resources a "treatment facility" within the meaning of Article 4, Chapter 122 of the General Statutes, and that postadmission judicial hearings upon the voluntary admission of minors to that facility is mandated by statute.

IT IS, THEREFORE, ORDERED that Judge C. W. Wilkinson, Jr., District Court Judge, Ninth Judicial District, be, and he is hereby, in his official capacity, ordered to hold voluntary postadmission hearings pursuant to Article 4 of Chapter 122 of the General Statutes for petitioners herein, Roland Goff, Jr., Anthony Curtis Given, Barry Joe Hawkins, Benjamin Hendren, Phillip Wharton and James David Chilton.

It is further ordered that the Clerk of this Court is designated as marshal of this Court to forthwith serve upon Judge Wilkinson a certified copy of this writ and make his return hereon.

State v. Wilkinson

By order of the Court in conference this 4th day of March 1981.

MEYER, J.
For the Court